IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 10-10129 |
| ) | |
| STEVEN L. COLE, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF DEFENDANT'S OPEN PLEA OF GUILTY

Pursuant to Rule 11(b) of the Federal Rules of Criminal Procedure, the United States of America, by James A. Lewis, United States Attorney for the Central District of Illinois, and Kirk Schoenbein, Assistant United States Attorney, and the defendant, Steven L. Cole, personally and by the defendant's attorney, Derek Asbury, hereby present the Defendant's open plea of guilty in this cause without any plea agreement between the parties.

### CHARGE(S) AND ELEMENTS

1.      The defendant will plead guilty without any agreement with the United States to the offense of Receipt of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1) as charged in the Indictment herein. The Defendant will also admit to and concede the forfeiture alleged in the Indictment seeking forfeiture of any right, title or interest the Defendant may have in the property described therein.

2. The defendant has read the Indictment alleging the offense of Receipt of Child Pornography to which the defendant is pleading guilty and the forfeiture alleged in the Indictment, and that said offense and forfeiture allegations have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty and the forfeiture which he is admitting and conceding.

3. To sustain the charge of Receipt of Child Pornography as alleged in the Indictment in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1), the United States must prove the following propositions beyond a reasonable doubt:

   a. First, that the Defendant knowingly received child pornography;

   b. Second, that the Defendant knew the content and the general nature and character of the child pornography images that he had received; and

   c. Third, that the child pornography was received by use of a means or facility of interstate commerce.

4. As used herein, the following words, terms and phrases have the these respective meanings:

   a. The word "**knowingly**" and the phrase "**the defendant knew**" mean that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.

b.     As defined in Title 18 United States Code, Section 2256(8), the term **"child pornography"** means any visual depiction, including any photograph, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

c.     As defined in Title 18 United States Code, Section 2256(1), the term **"minor"** means any person under the age of 18 years.

d.     As defined in Title 18 United States Code, Section 2256(5), the term **"visual depiction"** includes data stored on computer disk or by electronic means which is capable of conversion into a visual image that has been transmitted by any means whether or not stored in a permanent format.

e.     As defined in Title 18 United States Code, Section 2256(2)(A), the term **"sexually explicit conduct"** includes simulated or actual sexual intercourse, including genital-genital, oral genital, anal-genital or anal-oral, whether between the persons of same or opposite sex; masturbation; sadistic or masochistic abuse; and the lascivious exhibition of the genitals or pubic area of any person.

5.     To sustain the forfeiture alleged in the Indictment, the United States must prove by a preponderance of the evidence that the property set forth therein was used or intended to be used in the commission of the offense alleged in the indictment.

3

## PENALTIES

6. The offense of Receipt of Child Pornography to which the Defendant shall plead guilty carries the following penalties if the Defendant has no prior child sexual abuse or child pornography conviction under federal, state or military law:

   a. Not less than five (5) years and up to twenty (20) years imprisonment;

   b. Up to a maximum fine of $250,000;

   c. Up to life supervised release; and

   d. A special assessment of $100.00.

7. If the Defendant has a prior child sexual abuse or child pornography conviction under federal, state or military law, the offense of Receipt of Child Pornography to which to Defendant shall plead guilty carries the following penalties :

   a. Not less than five (5) [handwritten: 5 mm] years and up to ~~twenty~~ (40) [handwritten: Forty mmm] years imprisonment;

   b. Up to a maximum fine of $250,000;

   c. Up to life supervised release; and

   d. A special assessment of $100.00.

## FORFEITURE

8. The consequences of the Defendant's admission and concession to the forfeiture alleged in the Indictment are the forfeiture of all rights, titles and interests the Defendant may have in the property described therein.

### SUPERVISED RELEASE

9.     With regard to supervised release, the Defendant's supervised release may be revoked upon a violation of any of the terms of supervised release and the Defendant may be then sentenced to prison for all or part of the supervised release period without credit for time previously served.

### RESTITUTION

10.    Pursuant to Title 18, United States Code, Section 2259 and in addition to any other civil or criminal penalty, the Defendant may be ordered by the Court to pay restitution to any identifiable victims in this case in an amount as determined by the Court, notwithstanding the economic circumstances of the Defendant or that the victims received compensation for their injuries from another source.

### SEX OFFENDER REGISTRATION AND RESIDENCY RESTRICTIONS

11.    By virtue of his conviction for the offense Receipt of Child Pornography as charged in the Indictment herein, the Defendant will be subject up to lifetime sex offender registration regulations and residency restrictions under state and federal law.

### ADVISORY SENTENCING GUIDELINES

12.    The Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code,

Section 3553(a) in determining the specific sentence to be imposed. Although the Sentencing Guidelines are advisory, the Court may choose to impose a sentence in accordance with the Sentencing Guidelines. At the time of sentencing, the Court will not be bound by any recommendation made by any party, and the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum.

13. The Defendant will not be allowed to withdraw his guilty plea or forfeiture admission because of an objection to the calculation of the advisory Sentencing Guidelines or to the Court's sentencing findings or ruling or because the Defendant received a sentence higher than that recommended by either party.

## FACTUAL BASIS

14. The defendant will plead guilty because the defendant is in fact guilty of the charge contained in the Indictment. In pleading guilty to the charge, the defendant stipulates to and admits to the following facts:

a. On September 25, 2010, a Peer to Peer Database utilized by USSS SFO William Lynn logged data from a computer in Illinois that was offering a file on the internet for download that by its title was a suspected child pornography file. The information logged pursuant to this procedure included the unique SHA-1 hash value of the file; the IP address of the computer which was sharing the file; and the date, time and time zone that the file was offered for trade. By using the SHA-1 hash value of the file, SFO Lynn acquired that file from a law enforcement reference library and determined that it depicted a naked prepubescent female who was bound at her wrists, ankles and neck with rope while she was performing oral sex on an adult male.

b. SFO Lynn determined through the American Registry for Internet Numbers that the suspect IP address was registered to Comcast Cable Communication Inc. He then forwarded this information to East Peoria Police Department (EPPD) Detective Amanda Jatkowski for further investigation. Detective Jatkowski then obtained subscriber information regarding the IP address through a state grand jury subpoena that was served on Comcast. The subscriber information indicated that the IP address

was assigned to a residence at 129 Elmridge Circle, East Peoria, IL 61611 on the date and time it was logged as offering that child pornography video for sharing on the internet. That residence is located within the Central District of Illinois.

    c. On October 25, 2010, SFO Lynn obtained a federal search warrant authorizing a search of said residence and any digital media therein for evidence of federal child pornography offenses. On October 26, 2010, SFO Lynn, Det. Jatkowski and other agents executed the search warrant. Upon making contact with the occupants of said residence, agents identified the Defendant, Steven L. Cole, W/M, DOB: 7/13/1971 as one of the residents along with his live-in girlfriend and her 16 year old son. Upon viewing the search warrant, the Defendant stated, "My life is over." The Defendant was advised by agents that he was not under arrest and that he was free to leave at anytime. When agents asked to speak to the Defendant he said "It's in my best interest not to talk." SFO Lynn responded by telling him that he would be able to give his side of the situation. The Defendant then said "I don't believe my side will make any difference." While the agents searched the house, the Defendant remained seated at a table with his head looking down and supported by his hands. The Defendant asked to use the restroom and when he went into the bathroom the agents heard him vomiting.

    d. After the search, the agents presented the Defendant and his girlfriend with a property receipt documenting the items that they seized during the search. At that time, SFO Lynn again asked the Defendant if he would speak to him. The Defendant then asked his girlfriend what he should do and she stated to the agents "I don't know if you'll even find anything." The Defendant then said to his girlfriend, "I know you don't know. They are going to find something." SFO Lynn again asked the Defendant to speak to him, the Defendant said "I'm worried about digging a deeper hole, but let's do it. " During the recorded statement that followed, the Defendant was reluctant to answer questions. Because of the Defendant's vacillation on being interviewed, SFO read the Defendant the *Miranda* rights and the Defendant acknowledged that he understood. When the Defendant refused to say whether the computer that was later confirmed to have child pornography on it was his, SFO Lynn told him that the Defendant's girlfriend and her son had already told the agents that the computer was the Defendant's computer. The Defendant then spoke to his girlfriend in private and returned to the agents and acknowledged that the computer was his and that he bought it at Best Buy a couple of months ago.

    e. When asked for his computer password, the Defendant refused to give it to the agents.  When asked if he was just downloading child pornography or actually taking pictures of kids the Defendant stated, "I've never taken pictures of kids." When SFO Lynn told the Defendant that the agent believed that the Defendant had a strong urge to look at child porn and that he would download it, look at it and then not believe what he actually did, the Defendant placed his head in his hands, cried and nodded his head

7

affirmatively. SFO Lynn then asked the Defendant if this was something that he had been wrestling with for a long time and he replied "Yes". The Defendant then indicated that he did not want to talk anymore and that after he has an attorney he would be willing to talk more. The recorded interview was terminated at that time and the Defendant then said out loud, "Why do people like me even exist?"

  f. While searching the Defendant's residence, agents seized many items of digital media, including a Gateway FX6840 model computer, serial number PTGAT020230250A2062700, that the Defendant identified as the computer he used and the two hard drives contained therein, one being a Western Digital WD10EARS model hard drive, serial number WCAV5C568837 and the other being a Seagate Barracuda 7200 model hard drive, serial number 9QK1Q72W. The computer utilized an Envision monitor with a serial number 93477CA001052. SFO Lynn, a certified computer forensic examiner who has been qualified in state and federal court as an expert witness in that field, examined the Western Digital hard drive and he discovered on the hard drive the very same child pornography video file that was logged as being offered for sharing by this IP address. This file was downloaded onto the computer from the internet on October 23, 2010, which means that sometime after September 25, 2010, the Defendant lost or deleted it and it was downloaded again from the internet. A total of over 70 child pornography videos were found by SFO Lynn during his forensic exam of said digital media.

  g. In October of 2000, the Defendant's wife at that time found images depicting naked girls from ages 5 to 11 on the Defendant's computer and she reported her discovery to the EPPD who obtained and executed a state search warrant for the Defendant's residence. During a forensic examination of the Defendant's computer, child pornography images were discovered and the Defendant was arrested and charged with a state child pornography offense in Tazewell County case 00 CF 568. On July 31, 2001, the Defendant pled guilty in that case to an amended charge of possession of child pornography, a class 3 felony, and he was sentenced to two years of probation. The facts and conviction in the prior case would be offered as evidence pursuant to Rule 404(b) to prove the Defendant's identity, motive, intent and knowledge in this case.

## WAIVER OF CONSTITUTIONAL RIGHTS

  15.  By pleading guilty, the Defendant is waiving and surrendering the following rights, among others:

    a.  The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the

8

defendant would have the right to a public and speedy trial.

  b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

  c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

  d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e.  The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

16.  The Defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

**Defendant's Attorney:**

17.  I have discussed this open plea of guilty fully with my client and I have gone over this document with him, and I am satisfied that my client fully understands the nature and consequences of this open plea of guilty. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 2-23-11            s/Derek Asbury
                         Derek Asbury, Attorney for Steven l. Cole

**Defendant:**

18.     I have read this entire Memorandum of Defendant's Open Plea of Guilty and have discussed it fully with my attorney. I fully understand this plea of guilty, and I am making it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this document about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating that I agree with everything stated in this paragraph, and that I am entering this plea of guilty without any plea agreement.

Date: 2-23-11

s/Steven L. Cole
Steven L. Cole, Defendant

**United States:**

19.     On behalf of the United States of America, I represent that there is no plea agreement in this case with the Defendant and that the representations contained in this document regarding the charges, elements, penalties and consequences of the Defendant's open plea of guilty and the factual basis are accurate.

JAMES A. LEWIS
UNITED STATES ATTORNEY

Date: 2-24-11

s/Kirk D. Schoenbein
Kirk D. Schoenbein
Assistant United States Attorney